Case 10-01276   Filed 12/07/10   Doc 10

FILED
December 07, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003123914

Scott Lyons    #103931
Attorney at Law
1010 West Main Street
Visalia, CA 93291
(559) 636-8122(Telephone)
(559) 636-0463(Facsimile)

Attorney for debtor/defendant Robert A. Putnam

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>ROBERT A. PUTNAM,<br><br>　　　　Debtor.<br><br>_____<br><br>STEVEN J. McFADDEN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ROBERT A. PUTNAM,<br><br>　　　　Defendant. | Case No. 10-19719-A-7<br><br>Chapter 7<br><br>Adv. Proc. No. 2010-01276-A<br><br>D.C. No. SL-2<br><br><br>Date:　　January 12, 2011<br>Time:　　9:00 a.m.<br>Place:　　United States Bankruptcy Court<br>　　　　　2500 Tulare Street<br>　　　　　Courtroom 11, Fifth Floor<br>　　　　　Fresno, CA   93721<br>Department:　A<br>Judge:　Hon. Whitney Rimel |

### <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT OF STEVEN J. McFADDEN TO DETERMINE CHARACTERIZATION AND NON-DISCHARGEABILITY OF OBLIGATION ASSUMED IN DIVORCE PROCEEDING</u>

This is the memorandum of Robert A. Putnam in support of his motion to dismiss the adversary proceeding complaint of the plaintiff Steven J. McFadden:

## I.

## INTRODUCTION.

The plaintiff brings an adversary proceeding under 11 U.S.C. § 523(a)(5) and 11 U.S.C. § 523(a)(15). The claim that the plaintiff seeks to be determined nondischargeable is that of a "business loan" in the amount of $15,000.00. The plaintiff alleges that the State court specifically ordered the debtor to pay him, the plaintiff, the amount of the business loan. The plaintiff also attached a copy of the State Court judgment. The plaintiff also alleges that the debt is in the nature of a domestic support obligation and/or was negotiated for and agreed via a valid judgment of dissolution.

## II.

## LEGAL STANDARD OF RULE 12 MOTIONS.

Federal Rule of Civil Procedure 12 provides several grounds for a motion to dismiss. Those grounds are: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. Fed. Rules of Civ Proc., Rule 12(b). In addition, Rule 12 provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. Rules Civ. Proc., Rule 12 (e). "The motion shall point out the defects complained of and the details desired." *Ibid.* The debtors' motion is based on Rule 12(b)(6), failure to state facts constituting a claim for relief, and Rule 12(b)(2), lack of jurisdiction over the person.

Under well-established rules, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957). The Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party." *Usher* v. *City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987) (citing *Western Reserve Oil & Gas Co.* v. *New*, 765 F.2d 1428, 1430 (9th

Cir.1985) cert. denied, 474 U.S. 1056 (1986)). Here, the plaintiff can present no set of facts which could support the relief he is requesting, and the debtors' motion to dismiss should be granted without leave to amend and with prejudice.

## III.

## THE PROCEDURAL ERRORS ABOUND IN THIS ADVERSARY PROCEEDING AND JUSTIFY ITS DISMISSAL

Before discussing the merits of the plaintiff's claims for relief, it should be noted that there are several procedural errors, even in this early stage of the litigation, which are fatal to maintenance of his action. Those errors are the following:

1. Plaintiff has failed to serve the other interested parties in this matter, such as the United States trustee and the Chapter 7 trustee, a violation of Federal Bankruptcy Rule 2002(k) and 7004(b);

2. Plaintiff failed to serve his complaint within fourteen (14) days of filing it, a violation of Federal Bankruptcy Rule 7004(e); and

3. The complaint fails to indicate the jurisdictional basis for the plaintiff's claim for relief and/or whether it is a core proceeding;

Despite the customary deference given to self-represented litigants, pro se litigants must be familiar with procedural rules and are held to same procedural rules as litigants represented by counsel. See *Townsel* v. *County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987); see also *King* v. *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). These procedural defects mandate dismissal of the plaintiff's complaint, because as a result of these defects there is no jurisdictional basis for the plaintiff's complaint. Accordingly, the plaintiff's complaint should be dismissed with prejudice.

## IV

## THERE ARE NO SET OF FACTS FROM WHICH THE PLAINTIFF MAY OBTAIN RELIEF UNDER 11 U.S.C. § 523(A)(5)

The BAPCPA amendments to the Code made changes in the extent to which a currently termed "domestic support order" is dischargeable. Even with these amendments, there was no

substantive change on what constituted a "domestic support order, which is still defined as "in the nature of alimony, support, and maintenance." 11 U.S.C. § 101(14A(B). This definition makes prior case law on what constitutes an order for support and maintenance directly applicable to this action despite the BAPCPA amendments.

Federal, then, and not state law, is used to determine whether an obligation is in the nature of alimony, maintenance, or support. *In re Sternberg*, 85 F.3d 1400, 1405 (9th Cir. 1996), rev'd on other grounds, *In re Bammer*, 131 F.3d 788 (9th Cir. 1997) (en banc). A federal court will look behind the wording of domestic support obligation to determine whether it is nondischargeable in bankruptcy. *In re Shaver*, 736 F.2d 1314, 1316 (9th Cir.1984). In order to determine whether a debtor's obligation is in the nature of support, the court will ascertain the intention of the parties at the time they entered in their agreement. *In re Combs*, 101 B.R. 609, 615 (B.A.P. 9th Cir.1989). If the provision's intended function was not to provide a necessity of life, it is ordinarily held to be not actually support and accordingly dischargeable no matter what it was called. See *Shaver*, 736 F.2d at 1316.

Controlling case law in the Ninth Circuit uses several factors to aid in the characterization of whether a debt is intended as a support obligation or in the nature of a property settlement. Many of those factors are summarized in In re Shaver, at p. 1316. The primary factor is intent. A federal court will look to the intent of the parties and to the substance of the obligation. *Ibid. Shaver* also states that

> [i]If an agreement fails to provide explicitly for spousal support, a court may presume that a so-called "property settlement" is intended for support when the circumstances of the case indicate that the recipient spouse needs support. (Citations) Factors indicating that support is necessary include the presence of minor children and an imbalance in the relative income of the parties. (Citations) Similarly, if an obligation terminates on the death or remarriage of the recipient spouse, a court may be inclined to classify the agreement as one for support.

*Shaver*, 736 F.2d at 1316.

Other factors include:

1.      The relative income, circumstances and situation of each party. *In re Gibson*,

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT OF STEVEN J. McFADDEN TO DETERMINE CHARACTERIZATION AND NON-DISCHARGEABILITY OF OBLIGATION ASSUMED IN DIVORCE PROCEEDING**
Page 4

103 B.R. 218, 221 (9th Cir. B.A.P. 1989);

    2.    Amount and outcome of the property division, where a debt is deemed to be nondischargeable only if the payment is necessary for the support and maintenance of the obligee. *In re Goin*, 808 F.2d 1391 (10th Cir. 1988); and

    3.    The number and frequency of payments, where a debt is considered to be dischargeable if the number of payments is limited 4 Collier on Bankr., ¶ 523.11[6][e] (Resnick & Sommer eds., 16th ed.), p. 523-87.

These factors are employed to further the overarching policy of federal courts to assure that a true spousal support order is based on need, *In re Gibson*, 103 B.R. 218, 221 (9th Cir. B.A.P. 1989).

Here, the Judgment decreed that the plaintiff's daughter would have primary physical custody. Stip, ¶ 3.01. However, it appears that the children's custody was more or less shared with the debtor having physical custody on every other weekend and on holidays. ¶ 3.02. It appears the debtor received a grossly disproportionate share of responsibility of community debts. The court documents indicate that the debtor was assigned a sum total of approximately $80,215.00. The plaintiff's daughter was assigned approximately $9,427.00. This disproportionate assignment of community debts may be justified by the fact that the debtor operated a financial and insurance services business. The debtor's Statement of Financial Affairs, however, indicates that in the last three years the debtor's income plummeted dramatically to where when he filed his monthly income was approximately $2,900.00. There was no information regarding the wife's income or earning capacity.

While on the one hand the debtor's present income would certainly justify his filing for bankruptcy relief, it would also tip the scales of relief in his favor. As indicated, in California support payments are based on need. See *In re Gionis*, 170 B.R. 675 (9th Cir. B.A.P. 1994). If this were State court the debtor could move for a modification of the support order. Cal. Fam. Code, § 4370.5, etc. In State Court awards for support, however, must be based on a just result under the circumstances. *Ibid.* Based on what we know about the debtor's income level and the extent to which the community debts were assigned to him, the debtor is bearing a grossly

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT OF STEVEN J. McFADDEN TO DETERMINE CHARACTERIZATION AND NON-DISCHARGEABILITY OF OBLIGATION ASSUMED IN DIVORCE PROCEEDING**
Page 5

disproportionate burden from this dissolution, despite the fact that the plaintiff's ex-wife's father, asserts he is entitled to payment of this obligation through the dissolution proceedings.

The most important factor, however, is the intent of the debtor and his former spouse when the terms of the dissolution were negotiated, as reflected in the Judgment. It is true that the plaintiff's loan was listed as a debt to be assigned to the debtor, but there is nothing in the four corners of the Judgment to indicate that the promissory note was assigned to the debtor with the intent that this obligation is assigned to the debtor in lieu of or in the nature of spousal support to the debtor's spouse or for the support of his children. There is simply no evidence in the exhibit to the plaintiff's complaint to substantiate the plaintiff's allegation that the obligation is owed to him in the nature of support, for the ex-wife or the debtors and ex-wife's children.

There is no factual basis for the plaintiff's assertion that the subject obligation is in the nature of support or maintenance. It is possible for this court to take judicial notice of the exhibits in the adversary proceeding filed by the debtor's former spouse. In those exhibits, the plaintiff, in that case, the debtor's former spouse, filed both the Judgment and the Stipulation for Dissolution. The relevant portion of the stipulation discussing Child and spousal support, paragraphs 6.01, et al., failed to make any mention whatsoever of the business loan the plaintiff seeks to have determined nondischargeable. See, Debtor's Request for Judicial Notice, Exhibit A. The only conclusion that can be drawn is that there was no intent to consider this loan as assigned to the plaintiff in lieu of support or in the nature of support.

No facts can be pled that could reasonably support the plaintiff's claim under 11 U.S.C. § 523(a)(5) or would change the result of the State court judgment. The debtor's motion to dismiss should be granted with prejudice and without leave to amend.

V.

**THERE ARE NO SET OF FACTS FROM WHICH THE PLAINTIFF MAY OBTAIN RELIEF UNDER 11 U.S.C. § 523(A)(15)**

Under BAPCPA, 11 U.S.C. § 523(a)(15) states that a support order which is not within the meaning of 11 U.S.C. § 523(a)(15) is still nondischargeable if payment is owed or made "to a *spouse, former spouse, or child of the debtor* and not of the kind described in paragraph (5) that

is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, ...." (emphasis added).

Quite simply, the plaintiff freely alleges that the payments for the obligation he seeks to have declared nondischargeable is owed to him, and not made or owed to the debtor's former spouse or to the debtor's children. According to the plain, clear language of the statute, there are no facts which would support a claim under 11 U.S.C. § 523(a)(15), because the obligation is unequivocally and unqualifyingly owed to the plaintiff <u>and not</u> to the debtor's former spouse or to the debtor's children. This defect in the plaintiff's prima facie case cannot be cured by amendment, and the debtors' motion to dismiss should be granted without leave to amend and with prejudice.

WHEREFORE, the debtor respectfully prays this Court grant his motion to dismiss, dismiss the plaintiff's complaint without leave to amend and with prejudice and for that other and further relief this Court deems proper and just in the premises.

Dated:    December 6, 2010.

//S//: Original electronically e-Filed

_____

Scott Lyons